IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMBULATORY INFUSION THERAPY SPECIALISTS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-1857 |
| UNICARE LIFE AND HEALTH INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant UniCare's Motion for Summary Judgment (Docket Entry No. 40). For the reasons stated below, defendant's motion will be granted.

**I. Background**

Plaintiff, Ambulatory Infusion Therapy Specialists, Inc. ("AITS"), is a licensed pharmacy that specializes in providing home infusion therapy, a pharmaceutical service to patients who are seriously ill. One such patient, W.H., was an insured of defendant UniCare Life and Health Insurance Company ("UniCare"). In July of 2001 Connie Hudec, the president and CEO of AITS, telephoned UniCare to pre-verify W.H.'s coverage.[1] Hudec subsequently received a document via fax describing W.H.'s coverage with regard

---

[1] Defendant UniCare's Reply to Plaintiff's Response to UniCare's Motion for Summary Judgment, Docket Entry No. 44, Deposition of Connie Hudec, pp. 11-12, 15.

to out-of-network providers.[2]  This document contained a disclaimer stating that it was not an authorization of payment and that all claims would be subject to the insurance policy's terms.[3]

AITS provided home IV infusion therapy supplies and related services to W.H. from July 28, 2001, to September 7, 2001, and filed claims with UniCare totaling $74,922.[4]  UniCare paid $4,479 of AITS's claims, stating that the remainder was excluded under the terms of W.H.'s insurance policy.  After multiple telephone conversations with UniCare's agents, AITS filed suit on October 14, 2005, for breach of contract, promissory estoppel, negligent misrepresentation, and fraud for UniCare's refusal to pay AITS's claims.[5]  The court granted UniCare's motion to dismiss AITS's negligent misrepresentation and fraud claims for failure to satisfy the requirement of Fed. R. Civ. P. 9(b) (Docket Entry No. 38). UniCare now moves for summary judgment on AITS's remaining claims, arguing that the pleadings and discovery demonstrate that no genuine issue exits as to any material fact.[6]

---

[2]Id. at 12-13.

[3]Plaintiff's Response to Defendant, UniCare's Motion for Summary Judgment, Docket Entry No. 41, Exhibit C.

[4]Plaintiff's Response to Defendant, UniCare's Motion for Summary Judgment, Docket Entry No. 41, p. 4.

[5]Plaintiff's Original Petition, attached to Notice of Removal, Docket Entry No. 1.

[6]Defendant UniCare's Motion for Summary Judgment, Docket Entry No. 40.

## II. Summary Judgment Standard

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to a judgment. Fed. R. Civ. P. 56(c). A "material fact" is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 2511. If the movant meets this burden, the nonmovant must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material facts that must be resolved at trial. Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., 120 S. Ct. 2097, 2110 (2000).

## III. Analysis

### A. Breach of Contract Claim

AITS alleges that when Hudec called UniCare in July of 2001 to pre-verify W.H.'s coverage, a contract was formed between AITS and UniCare in which AITS agreed to provide services to W.H. and

UniCare agreed to pay 75% of AITS's claim.[7]  UniCare argues that no genuine issue exists about any material fact as to whether a contract was formed during that telephone call.[8]

In Texas the requirements of a valid contract are

> (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding.  Consideration is also a fundamental element of a valid contract. The elements of written and oral contracts are the same and must be present for a contract to be binding.

Hubbard v. Shankle, 138 S.W.3d 474, 481 (Tex. App. -- Ft. Worth, 2004) (pet. denied) (internal citations omitted).  See also Palestine Water Well Servs. v. Vance Sand & Rock, Inc., 188 S.W.3d 321, 325 (Tex. App. -- Tyler, 2006) (no pet.) (same).  "The determination of a meeting of the minds, and thus offer and acceptance, is based on the objective standard of what the parties said and how they acted, not on their subjective state of mind." Texas Disposal Sys. Landfill, Inc. v. Waste Management Holdings, Inc., 2007 WL 1028828 at *17 (Tex. App. -- Austin, Apr. 3, 2007) (no pet. h.).  "In determining the existence of an oral contract, the court looks to the communications between the parties and to

---

[7]Plaintiff's Response to Defendant, UniCare's Motion for Summary Judgment, Docket Entry No. 41, p. 8.

[8]Defendant UniCare's Motion for Summary Judgment, Docket Entry No. 40, pp. 5-7; Defendant UniCare's Reply to Plaintiff's Response to UniCare's Motion for Summary Judgment, Docket Entry No. 44, pp. 2-6.

the acts and circumstances surrounding these communications." Palestine Water Well Servs., 188 S.W.3d at 325.

UniCare argues that the July 2001 telephone call pre-verified insurance coverage, not payment, and that AITS has presented no evidence that an offer to pay 75% of AITS's entire claim was ever made.[9] To satisfy its summary judgment burden UniCare offers Hudec's deposition testimony in which she admits that calls such as the one she made to UniCare were made to "verify that the patient's covered and what the coverage is."[10] UniCare also points to Hudec's repeated testimony that she understood that the coverage pre-verification was contingent on the terms and conditions of W.H.'s insurance policy.[11] UniCare also relies on Hudec's admission that she did not speak to a person during the pre-verification call, answering that "[i]t was a computer-faxed benefit, which means not a person, a computer answers the phone."[12] Finally, UniCare notes that Hudec admitted that she had no evidence of the alleged contract except the fax containing a disclaimer.[13]

AITS argues that the "offer, acceptance, mutual assent, execution, delivery and consideration occurred when **AITS** called

---

[9]Defendant UniCare's Reply to Plaintiff's Response to UniCare's Motion for Summary Judgment, Docket Entry No. 44, p. 5.

[10]Id. at Exhibit B, Hudec Deposition, pp. 16-17.

[11]Id. at 15-16, 24-26, 28, 33-34, 55.

[12]Id. at 12.

[13]Id. at 21, 53-55.

**UNICARE** to pre-verify payment for supplies and services to be provided to **W.H.**, received verification of **UNICARE'S** payment to **AITS** as an out-of-network provider at 75% and **AITS** provided such supplies and services to **W.H.**"[14]  AITS also argues that the payment of $4,479 by UniCare is evidence of this contract.[15]

The court is not persuaded that AITS has met its summary judgment burden with regard to "a meeting of the minds, and thus offer and acceptance." Texas Disposal Sys., 2007 WL 1028828 at *17.  During Hudec's deposition she testified that, based on the phone verification phone call, she understood the terms of W.H.'s policy to be such that she would receive payment of 75% of her claim.[16]  However, she also repeatedly admitted that she understood that the verification was contingent on the policy terms, which she has never seen or requested.[17]  By definition, a contingent verification of payment is not a definite offer of payment.

---

[14]Plaintiff's Response to Defendant, UniCare's Motion for Summary Judgment, Docket Entry No. 41, p. 8.

[15]Id. at 8-9.

[16]Defendant UniCare's Reply to Plaintiff's Response to UniCare's Motion for Summary Judgment, Docket Entry No. 44, Exhibit B, Hudec Deposition, pp. 39-40.  Although she does not specifically state that UniCare told her that she would definitely receive 75% of her claim under the terms of the policy, the court must draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., 120 S. Ct. 2097, 2110 (2000).

[17]Defendant UniCare's Reply to Plaintiff's Response to UniCare's Motion for Summary Judgment, Docket Entry No. 44, Exhibit B, Hudec Deposition, pp. 15-16, 24-26, 28, 33-34, 55.

Hudec's testimony therefore shows that there was not a meeting of the minds, even from AITS's perspective, because although Hudec apparently had a subjective expectation that AITS would be paid 75% of its entire claim, she acknowledged that payment was contingent on the terms of the policy.  Furthermore, AITS has presented no evidence that UniCare breached the agreement since, according to Hudec, it was contingent on the terms of W.H.'s policy with UniCare.  AITS's argument that UniCare's payment of $4,479 evidences that they had a contract is not persuasive since the payment is equally consistent with UniCare's position that the terms of the policy controlled UniCare's obligation to pay AITS's claim.

**B.   Promissory Estoppel Claim**

In the alternative, AITS alleges that UniCare should be estopped from denying payment because of a promise made to Hudec during the pre-verification phone call that it would pay 75% of AITS's claim.[18]

The elements of promissory estoppel are (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment.  English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983).  Again, UniCare argues that AITS has no evidence that it made such a promise.[19]  For the

---

[18] Plaintiff's Response to Defendant, UniCare's Motion for Summary Judgment, Docket Entry No. 41, pp. 9-10.

[19] Defendant UniCare's Reply to Plaintiff's Response to UniCare's Motion for Summary Judgment, Docket Entry No. 44, p. 9.

same reasons as stated above, the court is persuaded that there is no genuine issue of material fact that UniCare made a promise to pay 75% of AITS's claim.

## IV.  Conclusion and Order

For the reasons stated above, the court concludes that summary judgment is warranted on all of plaintiff's claims.  Defendant UniCare's Motion for Summary Judgment (Docket Entry No. 40) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this the 22nd day of May, 2007.

                                                SIM LAKE
                                   UNITED STATES DISTRICT JUDGE